UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AUDRIA WADDLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-25-409-G |
| | ) |
| **DHS/CPS also known as** | ) |
| **CHILD PROTECTIVE SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Audria Waddle, appearing pro se, initiated this civil lawsuit on April 9, 2025, bringing multiple claims against Defendant DHS/CPS. *See* Compl. (Doc. No. 1).

On June 18, 2025, Defendant filed a Motion to Dismiss (Doc. No. 9), arguing that the relief sought by Plaintiff is barred by the Eleventh Amendment, that the Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and, in the alternative, that dismissal is warranted pursuant to Federal Rule of Procedure 12(b)(6). On June 20, 2025, Plaintiff filed a Motion to Strike from Record (Doc. No. 12). In that Motion, Plaintiff primarily asks the Court to strike from the record Exhibit 1 to Defendant's Motion to Dismiss (Doc. No. 9-1). The Motion also contains substantive arguments in opposition to the Motion to Dismiss. Plaintiff also has filed a Motion for Dismissal of Lack of Jurisdiction (Doc. No. 13), which also contains substantive arguments in opposition to the Motion to Dismiss.

As an initial matter, Plaintiff's request to have Exhibit 1 to Defendant's Motion to Dismiss stricken from the record is DENIED. Pursuant to Federal Rule of Civil Procedure

12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally, motions, briefs, and memoranda may not be attacked by a motion to strike." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (omission and internal quotation marks omitted); *see also Elliott v. Specialized Loan Servicing, LLC*, No. 16-cv-4804, 2017 WL 3327087, at *4 (N.D. Ga. July 10, 2017). Applying these authorities, the Court sees no basis to strike the referenced exhibit from the record.

Regarding the substantive arguments opposing dismissal that are made by Plaintiff in the two motions (Doc. No. 12 and Doc. No. 13), the Court will consider those arguments collectively as Plaintiff's response to Defendant's Motion to Dismiss. If Plaintiff wishes to present any additional response to Defendant's Motion to Dismiss, she may file a supplemental brief on or before July 2, 2025.

Plaintiff also has filed a Motion for Ex Parte Emergency Injunction (Doc. No 15), seeking to have her children removed from the custody of Defendant and returned to her immediately. Defendant is DIRECTED to file any response to Plaintiff's Motion for Ex Parte Emergency Injunction (Doc. No. 15) no later than July 2, 2025. Following receipt of Defendant's response, and evaluation of the jurisdictional issues raised by Defendant in its Motion to Dismiss, the Court will determine whether an evidentiary hearing is required as to the motion for injunctive relief.

Plaintiff's request that her pleading be amended so that the claim for relief includes the "immediate return of [her] children" (Doc. Nos. 10, 14) is GRANTED. Plaintiff's

3

Complaint (Doc. No. 1) is DEEMED AMENDED to include the immediate return of Plaintiff's children as an item of relief sought by Plaintiff in this action.

    IT IS SO ORDERED this 25th day of June, 2025.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge